John R. Keough, III (JK 6013)
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorney for Plaintiff
GOLDTRUST SHIPPING PTE LTD.
111 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 227-3550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOLDTRUST SHIPPING PTE LTD.,

                Plaintiff,

      -against-

GUOHANG OCEAN SHIPPING (HK) LTD. and
GUOHANG BULK CARRIERS LTD.,

                Defendants.
------------------------------------------------------------------X

ECF CASE

07 Civ. 3694 (RPP)(DFE)

**VERIFIED COMPLAINT**

Plaintiff GOLDTRUST SHIPPING PTE LTD. (hereinafter "GOLDTRUST"), by its attorneys, Waesche, Sheinbaum & O'Regan, P.C., complaining of Defendants GUOHANG OCEAN SHIPPING (HK) LTD. (hereinafter "GUOHANG OCEAN") and GUOHANG BULK CARRIERS LTD. (hereinafter "GUOHANG BULK"), alleges, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

**JURISDICTION**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breaches of maritime contracts. The case falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

## THE PARTIES

2.  At all times relevant hereto, GOLDTRUST was and still is a corporation duly organized and existing under and by virtue of the laws of Singapore and with its principal place of business in Singapore.

3.  At all times relevant hereto, both GUOHANG OCEAN and GUOHANG BULK were and still are corporations duly organized and existing under the laws of Hong Kong, with their principal place of business in Hong Kong, and with an address at Room 1802, Bupa Centre, 141 Connaught Road West, Hong Kong.

## CLAIMS

4.  On or about January 23, 2007, at the port of Singapore, GOLDTRUST furnished necessaries consisting of 829.989 MT of bunkers, *i.e.*, marine fuel oil, to the motor vessel "Full Rich." This fuel oil was supplied to the ship at the request of GUOHANG OCEAN, and had a value of US$235,716.87.

5.  On or about February 2, 2007, at the port of Singapore, GOLDTRUST furnished necessaries consisting of 565.036 MT of bunkers, *i.e.*, marine fuel and gas oil, to the motor vessel "HAWK." This fuel and gas oil was supplied to the ship at the request of GUOHANG OCEAN, and had a value of US$169,181.14.

6.  GOLDTRUST invoiced GUOHANG OCEAN for these bunkers furnished to the vessels "FULL RICH" and "HAWK," and the total amount due was $404,898.01. In its email of March 8, 2007, GUOHANG OCEAN acknowledged this debt of $404,898.01 but said that "DUE TO OUR HUGE CASH INFLOW DIFFICULTY WE CURRENTLY EXPERIENCING, WE ARE NOT ABLE TO ARRG [arrange] REMITTANCE TO FULFILL ABOVE PAYMENT OBLIGATION AT THE MOMENT."

7. GUOHANG BULK subsequently advised GOLDTRUST that the bunkers were actually ordered on its, GUOHANG BULK's, behalf. In its email of April 3, 2007, GUOHANG BULK said that "We acknowledge the outstanding bunker charges to be settled by us", and that "we are experiencing financial difficulties at this moment".

8. When GUOHANG OCEAN ordered the bunkers for the "FULL RICH" and the "HAWK," it neither disclosed that it was acting as an agent nor identified any principal.

9. A lawsuit between the parties arising from the bunkers supplied to the above vessels will be brought before the courts of Hong Kong. The action before this Court is brought in order to obtain security in favor of GOLDTRUST for its claim in Hong Kong against both GUOHANG OCEAN and GUOHANG BULK. This action is also brought to obtain security for such additional amounts as will cover GOLDTRUST's anticipated attorney fees and costs in the Hong Kong litigation, as well as interest, all of which are recoverable as part of GOLDTRUST's claim under Hong Kong law.

10. The total amount of GOLDTRUST's claim against GUOHANG OCEAN and GUOHANG BULK sought as security includes:

   a. The invoiced amounts for both the "FULL RICH" bunkers ($235,716.87) and the "HAWK" bunkers ($169,181.14), for a total of $404,898.01;

   b. Interest, costs, and attorney fees, all inclusive, which are anticipated to at least equal the sum of $50,000, and which are recoverable under Hong Kong law as part of GOLDTRUST's claim in the Hong Kong proceedings;

   c. For a total claim amount sought to be secured of **$454,898.01**.

11. After investigation, both GUOHANG OCEAN and GUOHANG BULK cannot be found within this District for the purpose of Rule B of the Supplemental Rules for

Certain Admiralty and Maritime Claims, but GOLDTRUST is informed that GUOHANG OCEAN or GUOHANG BULK or both have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, or for the benefit of either GUOHANG OCEAN or GUOHANG BULK, including, but not limited to, assets at, being transferred through, or being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, and/or Wachovia Bank, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

**WHEREFORE**, Plaintiff GOLDTRUST Shipping Pte Ltd. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants GUOHANG OCEAN Shipping (HK) Ltd. and GUOHANG BULK Carriers Ltd., citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal claim amount of $454,898.01, plus interest, costs, and attorney fees;

b. That since the Defendants GUOHANG OCEAN Shipping (HK) Ltd. and GUOHANG BULK Carriers Ltd. cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendants GUOHANG OCEAN Shipping (HK) Ltd. and GUOHANG BULK Carriers Ltd., up to and including the amount of **$454,898.01** be restrained and attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendants GUOHANG OCEAN

Shipping (HK) Ltd. or GUOHANG BULK Carriers Ltd. including, but not limited to, such assets as may be held, received, or transferred in its name or as may be held, received, or transferred for its benefit, at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and any such other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

      c.    That the Court enter an order that, to the extent judgment is rendered against either Defendant GUOHANG OCEAN Shipping (HK) Ltd. or Defendant GUOHANG BULK Carriers Ltd. or both in the courts of Hong Kong, this Court adopts such judgment as a judgment of this Court; and

      d.    That Plaintiff GOLDTRUST Shipping Pte Ltd. have such other, further, and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       May 9, 2007

                                                **WAESCHE, SHEINBAUM & O'REGAN, P.C.**
                                                Attorneys for Plaintiff
                                                GOLDTRUST SHIPPING PTE LTD.

                                                By:       s/
                                                     John R. Keough, III (JK 6013)
                                                     111 Broadway, 4th Floor
                                                   New York, New York  10006
                                                   (212) 227-3550

## VERIFICATION

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF NEW YORK )

JOHN R. KEOUGH, III, being duly sworn, deposes and says:

1. That I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein.

2. That I have read the foregoing Complaint and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3. That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the Plaintiff by way of written communications with its representatives.

4. That I am authorized to make this verification on behalf of the Plaintiff.

5. That the reason this verification is made by me and not by the Plaintiff is that the Plaintiff is an alien corporation, with no officers or directors presently within this District.

_____
JOHN R. KEOUGH, III

Sworn to before me this
9th day of May, 2007

_____
NOTARY PUBLIC

SHARON J. POYNTZ
NOTARY PUBLIC, State of New York
No. 43-4820992 Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 28, 2011

6